UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRYSTAL MCDOWELL,<br>Plaintiff,<br>v.<br>GAROLD JOHNSON, et al.,<br>Defendants. | CASE NO. C26-5519 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff McDowell's motion for extension of time to effect service on remaining defendants, Dkt. 7. McDowell sued in May, alleging that a wide range of defendants (including several "supposed judges")[1] conspired to assault or murder her and take her property. Dkt. 1.

Her motion suggests that the defendants have been hiding from service, though she has not demonstrated that fact. Furthermore, her claims against the judges and their

[1] The judicial defendants include Garold Johnson, Ronald Culpepper, Rebecca Glasgow, Bradley Maxa, Timothy Ashcraft, Phillip Thornton, Brian Lynch, Grant Blinn, Anne Cruser, and Deborah Stevens. McDowell also seeks to sue court personnel including Derek Byrne, Dea Finnegan, Kimberly McClain, Linda Schramm, Cheryl Quinn, and Reza Pazooki. McDowell also seeks to sue various attorneys and their staff, who apparently are or were representing her adversaries in some underlying litigation.

staff, at least, are facially implausible and there is no benefit to extending the time to serve these defendants.

Judicial officers are immune from actions arising from the discharge of official duties. *Mireles v. Waco*, 502 U.S. 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11; *see also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*. Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)); *see also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction").

This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id*. Rather, judicial or quasi-judicial immunity may only be overcome when a judicial officer acts outside his or her judicial capacity or in the complete absence of all jurisdiction. *Id.*

McDowell's claims against the judicial officers and staff are not plausible and the request for additional time to serve them, Dkt. 7, is **DENIED**.

**IT IS SO ORDERED**.

//

//

Dated this 10th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge