UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRYSTAL MCDOWELL, Plaintiff, v. GAROLD JOHNSON, et al., Defendants. | CASE NO. 26-5519 BHS<br>ORDER |

THIS MATTER is before the Court on defendants Jacqueline McMahon and David Zahradnik's motion to dismiss, Dkt. 17, and on pro se plaintiff Crystal McDowell's second motion for extension of time for service, Dkt. 22, informed by McDowell's recent interlocutory appeal of the Court's September 10, 2026, Order denying her first motion for an extension of time to serve most of the thirty or so defendants[1] she has named. *See* Dkts. 11, 16, 23.

[1] McDowell's amended complaint lists Judge Benjamin H. Settle as a defendant in the caption, Dkt. 20 at 3, though it does not allege any facts about him. McDowell has not asked the Court to recuse itself based on her adding his name to the list, and the Court will not recuse itself *sua sponte* on that basis.

A judge is not disqualified merely because a litigant sues or threatens to sue him. Such an easy method for obtaining disqualification should not be encouraged or allowed. *See Ronwin v.*

When a party seeks relief that the Court lacks authority to grant because the case is on appeal, the Court may defer considering the motion, deny the motion, or provide an indicative ruling informing the appellate court that it would grant the motion if the case was remanded for that limited purpose. *See* Federal Rule of Civil Procedure 12.1.

After McMahon and Zahradnik filed their motion to dismiss, McDowell filed an amended complaint. Dkt. 20. It is not clear whether she did so to avoid the motion or to cure the defects asserted in it, but an amended complaint generally moots a pending motion to dismiss the earlier complaint. *See Frazier v. City of Fresno*, 2023 WL 1786228, at *1 (E.D. Cal Feb 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot."). Defendants' motion to dismiss, Dkt. 17, is **DENIED** as moot, without prejudice to re-file based on the amended complaint.

The Court notes that Rule 15(a)(1) permits a party to amend her pleading ***once*** as a matter of course. In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave. Rule 15(a)(2). Any further amendment will require the defendants' consent, or the Court's leave.

Under the Federal Rules of Civil Procedure, a plaintiff must serve a summons and complaint on each defendant within 90 days of filing in court:

---

*State Bar of Arizona,* 686 F.2d 692, 701 (9th Cir.1981), *rev'd on other grounds sub nom. Hoover v. Ronwin,* 466 U.S. 558 (1984) (internal quotation marks and citations omitted); *see also U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.").

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Advisory Committee Notes to this Rule reiterate that the 90-day requirement is to be applied flexibly, and should not be applied where doing so would cause prejudice:

> "[Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."

*See also, e.g.*, *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (Upon a showing of good cause, the Court must extend the period; and even absent a showing of good cause, the court has discretion to extend the period).

McDowell's motion asserts that she has shown good cause for her failure to timely serve only four defendants: at the hands of "the defendants" she has suffered "severe distress," and has been the subject of "criminal violence" and "threats of violence," "assault," "false arrest," and the "fraudulent and criminal use" of "void orders" apparently issued in state court, by one or more of the judicial defendants. She purports to demonstrate "the terrorism conspiracy" through exhibits attached to her amended complaint Dkt. 22 at 2–4, referencing Exhibits A–N, attached to McDowell's amended complaint, Dkt. 16. These exhibits do not demonstrate a terrorism conspiracy or any basis

for concluding that the defendants are responsible for McDowell's failure to timely serve them.

The Court denied McDowell's prior motion because she had not shown, and in the Court's view, could not show, good cause for her failure to timely serve defendants who were plainly immune from suit. Dkt. 16. The Court's view remains the same. McDowell's vitriolic, conclusory, and factually unsupported allegations that each defendant is a violent criminal terrorist do not demonstrate good cause for her failure to serve them, and in the absence of good cause, the Court declines to extend the service period. McDowell's motion for a Rule 4(m) extension of time for service is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge